IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
) Criminal No. 10-17 Erie
) Judge Sean J. McLaughlin
v. )
)
MICHAEL EVANS, )
)

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Michael Evans' motion requesting a reduction of sentence. On February 16, 2010, Evans pled guilty to willfully injecting fluids generated from oil and gas recovery operations into an underground well without a permit in violation of the Safe Drinking Water Act, 42 U.S.C. § 300h-2(b)(2). On June 24, 2010, this Court sentenced Evans to three years probation, ten months home detention, and assessed a $5,000.00 fine.

In his motion, Evans asserts that he had no control over the injection of underground fluids and contends that he was "simply an observer with no power" and "was not in charge" of the unauthorized underground fluid injections. Evans indicates that he would have called these matters to the court's attention during his sentencing but was unsure whether it was proper to do so. He now requests reconsideration and reduction of his sentence and fine in light of his assertions.

Federal Rule of Criminal Procedure 35 provides a limited procedural mechanism for post-sentencing reductions or corrections of sentence in the following two situations:

> **(a) Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> **(b) Reducing a Sentence for Substantial Assistance.**
>
> > **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed. R. Crim. P. 35. Rule 35(b) applies only to a motion made by the government, rather than by the defendant, and is clearly inapplicable.

With regard to Rule 35(a), Evans has not alleged a mathematical, technical, or other clear error in the imposition of his sentence. Rather, he simply requests the Court to consider additional evidence in mitigation that he contends was not presented at his sentencing. Rule 35(a), however, does not permit a court to alter or amend a sentence based upon "second thoughts about sentencing decisions." United States v. Johns, 332 Fed. Appx. 737, 739 (3rd Cir. 2009) (citing, e.g., United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2nd Cir. 1995) ("The district court in the instant case changed its mind regarding the severity of [the defendant's] sentence. As a result of Congress' desire to provide a finality to sentencing, such second thoughts, no matter how well intentioned are not the sort of error that [Rule 35(a)] was designed to remedy.")[1]; United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989); United States v. Sadler, 234 F.3d 368, 374 (8th Cir. 2000)). The Advisory Committee Notes to Rule 35(a) caution that:

> [t]he authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action.... *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.*

Id. (Advisory Committee Notes, 1991 Amendments) (emphasis added); see also Johns, 332 Fed. Appx. at 739. Evans' request that his sentence be reduced in light of his alleged failure to adequately explain the situation surrounding his crime does not fall within the "very narrow" category of "obvious error or mistake" that Rule 35(a) contemplates. As such, this Court lacks jurisdiction to consider his motion.

For the reasons stated herein, Evans' motion to reduce sentence is denied.

/s/ - Sean J. McLaughlin
United States District Judge

---

[1] Here, I note parenthetically that even if I were not precluded from reconsidering Evans' sentence on jurisdictional grounds, I would not grant a reduction in the sentence.